IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>          Plaintiff,<br><br>     vs.<br><br>REALVOICE LLC; JOHN DOES 1-10;<br>JANE DOES 1-10; DOE<br>CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; AND DOE<br>ASSOCIATIONS 1-10,<br><br>          Defendants.<br>_____ | CIVIL NO. 17-00293 DKW-RLP<br><br>AMENDED FINDINGS AND<br>RECOMMENDATION TO GRANT IN PART<br>AND DENY IN PART PLAINTIFF'S<br>MOTION FOR DEFAULT JUDGMENT<br>AGAINST DEFENDANT REALVOICE LLC |

AMENDED[1] FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT REALVOICE LLC[2]

Before the Court is Plaintiff Vincent Khoury Tylor's Motion for Default Judgment Against Defendant REALVOICE LLC, a Tennessee Limited Liability Company, dba REALVOICE ("RealVoice"), filed on September 22, 2017 ("Motion").  ECF No. 14.  RealVoice was served with a copy of the Motion, but did not file an opposition or otherwise respond.  See ECF No. 14-7.  The Court found the Motion suitable for disposition without a hearing

---

[1] This Findings and Recommendation is only amended to include a recommendation of actual damages in the CONCLUSION that was inadvertently omitted.

[2] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 13.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

                          BACKGROUND

Plaintiff owns the copyrights to the following ten photographic works:  A-19 Snorkel Hawaii; O-01 Waikiki-Pink boat ORIGINAL VERSION; A-20 Surfer at Twilight; A-01 Hammock NEW; B-18 Green Beach; A-12-B LaniKai-girl; B-07 Akaka Falls Hor; Oahu Beachs01; Venice Falls, Maui-1; and, Awapuhi Trail.  The copyrights for seven of these photographic works were registered in Plaintiff's name with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011; and, VA 1-759-562, effective January 29, 2011.  ECF No. 1 ¶ 14.  The copyright to the three remaining photographic works were assigned to Plaintiff and were registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011; VA 1-892-225, effective November 7, 2013; and VA 1-892-225, which is pending registration.  Id. ¶ 15.  The Court refers to the ten photographic works collectively as "Copyrighted Works."  See ECF Nos. 1-1, 1-2.  Plaintiff licenses the Copyrighted Works for

                                2

commercial and other uses.  ECF No. 1 ¶ 17.

RealVoice used the Copyrighted Works on its commercial Facebook, Pinterest, Instagram, and Google+ pages without Plaintiff's authority or permission.  Id. ¶ 18.  Plaintiff does not include in his Complaint any allegations regarding the dates of the alleged infringement.  See id.  Plaintiff's counsel sent a letter to RealVoice regarding the infringement on February 7, 2017.  Id. ¶ 19.

Plaintiff filed his Complaint against RealVoice on June 16, 2017, alleging claims for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA") based on Defendant's use of the Copyrighted Works on their website and their alteration of Plaintiff's copyright management information on the Copyrighted Works.  Id. ¶¶ 23-40.  The Clerk entered default against RealVoice pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 1, 2017.  ECF No. 12.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default

does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
>
> (2) the merits of plaintiff's substantive claim;
>
> (3) the sufficiency of the complaint;
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect; and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of

4

Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over RealVoice. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and violations of the DMCA. See 17 U.S.C. §§ 501, 1202; 28 U.S.C. §§ 1331, 1338(a). Second, the Court has personal jurisdiction over RealVoice because it was served through its registered agent on June 26, 2017. ECF No. 10; Fed. R. Civ. P. 4(h)(1)(B). The Court finds that it has both subject matter and personal jurisdiction.

### B.   *Eitel* Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the *Eitel* factors outlined above.

#### 1.   **The Possibility of Prejudice to Plaintiff**

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  See *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.  Accordingly, the first *Eitel* factor favors default judgment.

#### 2.   **Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See *TeleVideo Sys., Inc.*, 826 F.2d at 917–18; *Fair Hous. of Marin*, 285 F.3d at 906.  Here, Plaintiff brought this action against RealVoice for copyright infringement and for violations of the DMCA.

First, "[t]o establish infringement, two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted); see also *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003).  Plaintiff alleges ownership of the

6

Copyrighted Works and attached copies of his Certificates of Registration.  ECF No. 1 ¶¶ 14-15; ECF Nos. 1-1, 1-2.  Plaintiff also alleges that RealVoice used the Copyrighted Works on its commercial Facebook, Pinterest, Instagram, and Google+ pages and attached copies of his Copyrighted Works and screen shots from RealVoice's pages showing RealVoice's use of the Copyrighted Works.  ECF No. 1 ¶ 18; ECF Nos. 1-3 through 1-7.

Second, to establish a violation of the DMCA, Plaintiff must prove that RealVoice intentionally removed or altered Plaintiff's copyright management information from the Copyrighted Works.  <u>See</u> 17 U.S.C. § 1202(b).  In addition to alleging that Defendants RealVoice removed Plaintiff's copyright management information from seven of the Copyrighted Works, Plaintiff also attached copies his Copyrighted Works and screen shots from RealVoice's commercial Facebook, Pinterest, Instagram, and Google+ pages.  <u>See</u> ECF No. 1 ¶ 21; ECF Nos. 1-3 through 1-7.

Plaintiff's allegations and attached exhibits are sufficient to establish that he is entitled to judgment against RealVoice for copyright infringement and for violations of the DMCA.  This factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

As detailed above, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion and the Complaint.  This factor weighs in favor of default

7

judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks $6,875.02 in actual damages, $135,000 in statutory damages, plus attorneys' fees and costs. ECF No. 14-1 at 22-33. Plaintiff's damages request is tailored to RealVoice's specific wrongful conduct in infringing Plaintiff's Copyrighted Works. The Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. RealVoice has been given a fair amount of time to answer the Complaint and deny that it infringed Plaintiff's works; RealVoice has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that RealVoice's default was not the result of excusable neglect. Plaintiff served RealVoice with the Complaint on June 26, 2017. ECF No. 10. RealVoice did not file

8

a response to Plaintiff's Complaint. In addition, Plaintiff served RealVoice with notice of this Motion on September 22, 2017. ECF No. 14-7. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, RealVoice has not appeared in this matter to date. The record suggests that RealVoice's default was not the result of any excusable neglect, but rather due to RealVoice's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

RealVoice's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, RealVoice has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against RealVoice.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs

9

against default judgment as to Plaintiff's claims related to A-12-B LaniKai-girl, B-07 Akaka Falls Hor, and Awapuhi Trail, which are time barred.  As to the remaining Copyrighted Works, the totality of the factors weighs in favor of entering default judgment in Plaintiff's favor and against RealVoice.

      **C.    Remedies**

Although RealVoice's default establishes its liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  In its Motion, Plaintiff requests the following: (1) actual damages for copyright infringement for the work entitled Awapuhi Trail; (2) statutory damages for willful copyright infringement of the remaining Copyrighted Works; (3) statutory damages for violation of the DMCA; and (4) attorneys' fees and costs.  See ECF No. 14-1 at 22-33.  Each of Plaintiff's requested remedies is addressed below.

      **1.    Actual Damages Under the Copyright Act**

Plaintiff seeks actual damages related to the claims involving the work entitled Awapuhi Trail.  ECF No. 14-1 at 22-24.  In his Complaint, Plaintiff specifically alleges that the work Awapuhi Trail was used on RealVoice's Google+ page.  ECF No. 18.  The attachment included with Plaintiff's Complaint shows a screenshot of a posting of the work dated March 12, 2013.  ECF No. 1-5 at 3.  The Complaint, filed in June 2017, contains no

allegations regarding when Plaintiff became aware that RealVoice was using this work.  See ECF No. 1.  Additionally, Plaintiff's declaration submitted in support of the present Motion contains no information regarding when Plaintiff became aware of the infringement.  See ECF No. 14-2.  In support of his claim for actual damages, Plaintiff submitted his declaration stating that he usually charges $1,650 per year as a licensing fee for the use of the image.  ECF No. 14-2 ¶ 16.  Plaintiff calculates the requested actual damages for four years, from 2013 to 2017.  Id.

Claims for copyright infringement and for violation of the DMCA have a three-year statute of limitations.  See 17 U.S.C. §507(b) ("No civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued.").  Accordingly, the Court finds that Plaintiff is not entitled to damages beyond the three-year statute of limitations period.  See Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) (adopting the "prevailing view that the statute bars recovery on any claim for damages that accrued more than three years before commencement of suit").  The Court finds that Plaintiff has established that he is entitled to damages in the amount of $4,950 for the three years before he filed suit, which the Court calculates using the $1,650 per year amount provided by Plaintiff for the amount he would have received had RealVoice obtained a license.

11

### 2. Statutory Damages Under the Copyright Act

Plaintiff may elect to seek an award of statutory damages of no less than $750 and up to $30,000 per copyright infringement as an alternative to actual damages. See 17 U.S.C. § 504(c)(1). Courts have wide discretion in determining the amount of statutory damages within the allowable range. See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001). The court should consider what is just based on the nature of the copyright, the circumstances of the infringement, and other relevant circumstances. L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998); see also Tylor v. Welch, No. CV13-00458 SOM-KSC, 2014 WL 1415006, at *5 (D. Haw. Apr. 11, 2014) (listing similar considerations).

Plaintiff requests $100,000 in statutory damages under the Copyright Act. ECF No. 14-1 at 29. Plaintiff asserts that this is approximately three times the amount that Plaintiff would have received had RealVoice obtained a license to use the Copyrighted Works. See ECF No. 14-2, Decl. of Pl., ¶ 16. As with the work entitled Awapuhi Trail, Plaintiff included in this calculation, time beyond the three-year statute of limitations. The work A-12-B LaniKai-girl was used on RealVoice's Google+ page on August 6, 2012. See ECF No. 1-5 at 3. The work B-07 Akaka Falls Hor was used on RealVoice's Google+ page on August 4, 2012.

ECF No. 1-6 at 1.  In his calculation of damages, Plaintiff includes licensing fees from 2012 to 2017.  See ECF No. 14-2, Decl. of Pl., ¶ 16.  Using Plaintiff's yearly fees with the appropriate three-year limitation, the Court calculates the total amount that Plaintiff would have received had RealVoice obtained licenses to use the nine remaining Copyrighted Works as $28,700.  Based on the licensing fee information provided by Plaintiff, the Court finds that a statutory damages award of $86,100 is appropriate, which is three times the amount of Plaintiff's licensing fees for the nine Copyrighted Works.  The Court RECOMMENDS that Plaintiff be awarded $86,100 in statutory damages under the Copyright Act.

### 2. Statutory Damages under the DMCA

The DMCA provides that Plaintiff may elect to seek statutory damages for each violation in the sum of not less than $2,500 or more than $25,000.  See 17 U.S.C. § 1203(c).  Here, Plaintiff has established that Defendants used the Copyrighted Works and removed or altered the copyright management information on seven of the Copyrighted Works.  Given the multiple violations of the DMCA, the Court finds that Plaintiff's request for $35,000 in statutory damages is reasonable under the circumstances.  The Court RECOMMENDS that Plaintiff be awarded $35,000 in statutory damages under the DMCA.

### 3. Attorneys' Fees and Costs

The Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts consider five non-exclusive factors in determining whether to award fees: (1) the degree of success obtained; (2) the frivolousness of the claim; (3) plaintiff's motivation in bringing its claim; (4) the objective reasonableness of defendant's arguments; and (5) the need to advance considerations of compensation and deterrence. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). Here, these factors support an award of fees and costs. Plaintiff has achieved success on his claims; his claims were not frivolous; Defendants' failure to defend this action was unreasonable; and an award of fees and costs would further the Copyright Act's goals of compensation and deterrence.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount may also be adjusted based on an evaluation of the factors articulated in

14

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted). Here, Plaintiff requests $9,734.40 in attorneys' fees and taxes incurred in this action. ECF No. 14-1 at 32.

First, the Court finds that the hours requested are reasonable. The request includes 11.1 hours for work performed by J. Stephen Street, Esq. and 31.2 hours for work performed by Dane Anderson, Esq. Id. After careful review of the detailed time entries provided by counsel, the Court finds that the hours requested are reasonable.

Mr. Street was admitted to the Hawaii bar in 1975 and requests a rate of $350 per hour. Mr. Anderson was admitted to the Hawaii bar in 2010 and requests a rate of $175 per hour. Based on the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the hourly rates requested are reasonable. The Court finds that the requested $9,734.40 in attorneys' fees and taxes are reasonable. Finally, the Court finds that Plaintiff is also entitled to an award for $445.00 in costs reasonably incurred in this action.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion

be GRANTED IN PART and DENIED IN PART as follows:

    (1) ENTER default judgment in Plaintiff's favor and against RealVoice LLC;

    (2) AWARD Plaintiff $4,950 in actual damages under the Copyright Act.

    (3) AWARD Plaintiff $86,100 in statutory damages under the Copyright Act.

    (4) AWARD Plaintiff $35,000 in statutory damages under the Digital Millennium Copyright Act.

    (5) AWARD Plaintiff $10,179.40 in attorneys' fees, taxes, and costs.

    IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, OCTOBER 20, 2017.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**TYLOR V. REALVOICE LLC, ET AL., CIVIL NO. 17-00293 DKW-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**